IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03052-BNB

JOSE MEDINA ESCOBAR,

    Plaintiff,

v.

WARDEN TRANI,
MAJOR HOLDITCH,
CAPTAIN HUERTAS,
LIEUTENANT TRAVIS,
LIEUTENANT TIDEMANN,
LIEUTENANT VANGELDER,
LIEUTENANT RUNDLE,
LIEUTENANT WILL,
SERGEANT LANGDEN,
SERGEANT WAGNER,
SERGEANT COSSABONE,
SERGEANT CROSLEY,
SERGEANT WORTHEN,
SERGEANT REED,
SERGEANT BORDERS,
C/O GALLAHER,
C/O AURITI,
C/O McPHERSON,
C/O VIGIL,
C/O CASADY,
C/O WHITFIELD,
C/O GROOM,
C/O ESLINGER,
C/O CAMERON,
C/O CORTEZ,
C/O BODYCOMB,
C/O SPURLOCK,
C/O THORSTAD,
C/O SOLIZ,
C/O DICKENS, and
C/O FLICK,

    Defendants.

SECOND ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES

Plaintiff, Jose Medina Escobar, is a prisoner in the custody of the Colorado Department of Corrections at the Colorado State Penitentiary in Cañon City, Colorado. Mr. Escobar initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1) and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3). On November 20, 2012, the court entered an order directing Mr. Escobar to cure certain deficiencies if he wishes to pursue his claims in this action. More specifically, the court ordered Mr. Escobar to file a new Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 using the court's recently-revised form and to submit a signed authorization to calculate and disburse filing fee payments from Mr. Escobar's inmate trust fund account in accordance with the court's new procedures for collecting prisoner filing fee payments.

On November 26, 2012, Mr. Escobar filed a second Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 6) using a prior version of the court's form *in forma pauperis* motion. However, attached to the *in forma pauperis* motion filed on November 26 is a certified copy of Mr. Escobar's inmate trust fund account statement for the six-month period immediately preceding the filing of the complaint as required pursuant to 28 U.S.C. § 1915(a)(2). On December 14, 2012, Mr. Escobar filed a document (ECF No. 7) in which he requested the necessary form for curing the deficiencies in this action. On December 17, 2012, the court entered a minute order directing the clerk of the court to mail to Mr. Escobar a blank copy of the

necessary form and granting Mr. Escobar an extension of time until January 16, 2013, to cure the deficiencies in this action.

On January 2, 2013, Mr. Escobar filed a document (ECF No. 11), which was docketed as an amended Prisoner Complaint, that consists of a two-page caption listing the parties to this action. The amended Prisoner Complaint is not signed and does not include any claims or a request for relief. Mr. Escobar also filed on January 2, 2013, a "Motion to Cure Deficiencie[s] Out of Time" (ECF No. 12), a letter to the court (ECF No. 13) in which he states he will be making a partial filing fee payment the following week, and an incomplete Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 14) using the court's recently-revised form. Although Mr. Escobar submitted with the 28 U.S.C. § 1915 motion filed on January 2, 2013, a signed authorization to calculate and disburse filing fee payments from his inmate trust fund account, the second page of the form motion is missing and the motion itself is not signed.

The court still has not received from Mr. Escobar a complete Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on the court's current form. Furthermore, pursuant to Rule 11(a) of the Federal Rules of Civil Procedure, "[e]very pleading, written motion, and other paper must be signed" and "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention." Mr. Escobar will be directed to cure this remaining deficiency within thirty days if he wishes to pursue his claims in this action. Alternatively, Mr. Escobar may pay the entire $350.00 filing fee in advance.

Finally, with respect to the incomplete amended Prisoner Complaint (ECF No.

11) filed on January 2, 2013, it is not clear whether Mr. Escobar intends to file an amended pleading in this action. If he does, he must complete and sign an amended pleading using the entire court-approved Prisoner Complaint form. Accordingly, it is

ORDERED that, **within thirty (30) days from the date of this order**, Mr. Escobar cure the remaining deficiency in this order either by paying the entire $350.00 filing fee or by filing a complete and signed Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 using the court's current form. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Escobar, together with a copy of this order, a blank copy of the current, court-approved Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 form. It is

FURTHER ORDERED that, if Mr. Escobar fails to cure the remaining deficiency within the time allowed, the action will be dismissed without further notice. The dismissal shall be without prejudice. It is

FURTHER ORDERED that the "Motion to Cure Deficiencie[s] Out of Time" (ECF No. 12) is DENIED as moot.

DATED January 14, 2013, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge